### E. I. DU PONT DE NEMOURS POWDER CO. et al. v. MASLAND et al.

#### (District Court, E. D. Pennsylvania. April 12, 1915.)

#### No. 1279.

INJUNCTION ⚫169—MOTIONS TO VACATE—DENIAL PRO FORMA.

In a suit to restrain former employés of plaintiff from disclosing trade secrets, in which defendants, upon announcement of their purpose to do so, were enjoined from consulting experts as to whether the processes shown by plaintiff's depositions, the formulæ of which were kept in camera, were secret processes or processes which any one in the business had a free right to use, where on the trial defendants were claiming in good faith that it was necessary to confer with experts, their motion at the trial to vacate the injunction would be denied pro forma, the trial being continued until they could have a review of the ruling by an appellate court, as to grant the motion would compel plaintiff to abandon the suit, without being able to secure a review of the ruling.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 372, 384; Dec. Dig. ⚫169.]

In Equity. Suit by the E. I. Du Pont De Nemours Powder Company and another against Walter E. Masland and others. On motion to vacate a preliminary injunction and restraining order. Motion denied pro forma.

See, also, 216 Fed. 271.

Prindle, Wright & Small, of New York City, for plaintiffs.

George Quintard Horwitz, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. An unusual situation is presented in this case, the only way to cope with which is by a pro forma refusal of the present motion and the entry of an order continuing the trial of the cause until the question can be passed upon by an appellate court. The question arises out of this condition of facts:

The bill was filed to restrain the defendant from disclosing what are claimed to be the trade secrets of the plaintiff, knowledge of which came to the defendant while in plaintiff's employ, and which were confidentially communicated to him. An application for a preliminary injunction was refused, because, among other reasons, no finding against the defendant of any intention to disclose was at the time justified. The case was met in the highly commendable spirit on both sides of a due regard for the rights of each other, and it was arranged that no disclosure should be made by defendant without notice beforehand sufficient to give plaintiff time to apply for relief, and express leave was granted plaintiff to renew its application for a preliminary injunction or restraining order, should need for protection arise. Efforts were then made to devise some method of trying the case without divulging any of the processes claimed to be the property of the plaintiff. To this end depositions were taken, and the defendant given information of what the claimed secret processes were, the formulæ of which were kept in camera. A predicament then arose. The defendant maintains that some of the claimed secret processes are not

such at all, but processes which any one in the business has the free right to use. The truth of the averments on the one side and the other are asserted to be the proper subject of expert knowledge and testimony.

The defendant, therefore, notified the plaintiff and the court that they proposed to exercise their claimed right of employing experts and discussing with them the features of the case which were in controversy. This, as was to be expected, alarmed the plaintiff, who renewed its application for a preliminary injunction or restraining order. The dilemma in which the plaintiff was placed could not be ignored. The exigencies of the case were met by the order of the court allowing the injunction. This was made with the thought in mind that there was no immediate need for the employment of experts, and that the cause might proceed to trial in the hope that some method of conserving the rights of both parties could be found. Leave was therefore given the defendant to move to vacate the order at any time, and, if unprepared at the trial to present his defense, to move for a continuance. To this, as a practical expedient, defendant had no objection, provided he was fully protected in the assertion of his claimed rights. The order was therefore made, and an exception allowed to the defendant, and the parties proceeded to trial. To further raise the question, witnesses for the plaintiff were asked on cross-examination to state the formulæ embodying the secret processes, and the present motion to vacate was made.

This brings us face to face with the predicament which now must be met. The dilemma of the plaintiff has become acute. It would, of course, be idle to the point of flat absurdity for the trial judge to compel the plaintiff to publicly disclose its processes in the act of protecting them from disclosure. This difficulty could be met by an appropriate order for keeping the answers to the questions asked in camera. There is an admitted necessity that the trial judge, parties, and counsel on both sides should know. To this plaintiff does not object. Counsel for defendant claims (and we cannot do otherwise than find this to be in good faith) that it is necessary for them to employ and confer with experts. They claim this to be their right. If it is allowed by the trial judge, the practical result is that plaintiff is driven to an abandonment of its case without being able to have the ruling reviewed by an appellate court. The only way out of this dilemma is for us to pro forma refuse the defendant's motion and continue the preliminary injunction, restraining the defendant from disclosing to expert witnesses employed by them the processes claimed by the plaintiff as its secrets, in order to afford an opportunity to the defendant to appeal from this order and to have their rights in the premises declared.

This order is accordingly made, and an exception is allowed the defendant.